LODGED

1   Lim Ruger & Kim
2   1055 West 7th St, #2800   2006 FEB 16  PM 4:00
3   Los Angeles, CA 90017   CLERK U.S. DISTRICT COURT
                            CENTRAL DIST OF CALIF.
                            LOS ANGELES
4   (213) 955-9500

FILED
CLERK U.S. DISTRICT COURT

FEB 2 2 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In re: TENET HEALTHCARE CORP. SECURITIES LITIGATION | No.  CV-02-8462-RSWL (Rzx) |
| | [~~PROPOSED~~] PRELIMINARY APPROVAL ORDER FOR PARTIAL SETTLEMENT |

DOCKETED ON CM

FEB 2 3 2006

BY                        012

- 1 -

1    WHEREAS, a consolidated class action is pending before the Court entitled *In*

2  *re Tenet Healthcare Corp. Securities Litigation*, Master File No. C-02-8462-RSWL

3  (Rzx) (the "Action");

4    WHEREAS, the Court has received the Stipulation and Agreement of Partial

5  Settlement dated as of January 11, 2006 (the "Stipulation"), that has been entered into

6  by the Lead Plaintiff and Tenet Healthcare Corporation ("Tenet"), Jeffrey C.

7  Barbakow, David L. Dennis, Thomas B. Mackey, Raymond L. Mathiasen, Barry P.

8  Schochet, and Christi R. Sulzbach (the "Individual Defendants," collectively with

9  Tenet, the "Tenet Defendants") (Lead Plaintiff and the Tenet Defendants are the

10  "Parties"), and the Court has reviewed the Stipulation and its attached Exhibits; and

11    WHEREAS, the Court had previously certified a Class by Order dated

12  December 23, 2004;

13    WHEREAS, the Parties having made application, pursuant to Federal Rule of

14  Civil Procedure 23(e), for an order preliminarily approving the Partial Settlement of

15  this Action, in accordance with the Stipulation which, together with the Exhibits

16  annexed thereto sets forth the terms and conditions for a proposed Partial Settlement

17  of the Action and for dismissal of the Action with prejudice against the Tenet

18  Defendants upon the terms and conditions set forth therein; and the Court having read

19  and considered the Stipulation and the Exhibits annexed thereto; and

20    WHEREAS, all defined terms contained herein shall have the same meanings as

21  set forth in the Stipulation;

22    NOW, THEREFORE, IT IS HEREBY ORDERED:

23    1.    The Court does hereby preliminarily approve the Stipulation and the

24  Partial Settlement set forth therein, subject to further consideration at the Settlement

25  Hearing described below.

26    2.    A hearing (the "Settlement Hearing") shall be held before this Court on

27  May 15, 2006, at 9:00 a.m., at the United States Courthouse, 312 N. Spring Street, Los

28  Angeles, California, to determine whether the proposed partial settlement of the
[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE - C
- 1 -

1    Action on the terms and conditions provided for in the Stipulation is fair, reasonable

2    and adequate to the Class and should be approved by the Court; whether a Judgment

3    as provided in ¶¶ 5.1-5.3 of the Stipulation should be entered herein; whether the

4    proposed Plan of Allocation should be approved; to determine the amount of fees and

5    expenses that should be awarded to Plaintiff's Lead Counsel; and to determine the

6    amount of any award to the Lead Plaintiff for reimbursement of time and expenses.

7    The Court may adjourn the Settlement Hearing without further notice to Members of

8    the Class.

9    3.    The Court approves, as to form and content, the Notice of Pendency and

10   Proposed Partial Settlement of Class Action" (the "Notice"), the Proof of Claim and

11   Release form (the "Proof of Claim"), and Summary Notice for publication annexed as

12   Exhibits C-1, C-2 and C-3 hereto, and finds that the mailing and distribution of the

13   Notice and publishing of the Summary Notice substantially in the manner and form

14   set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil

15   Procedure 23 and due process, and is the best notice practicable under the

16   circumstances and shall constitute due and sufficient notice to all Persons entitled

17   thereto.

18   4.    Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court

19   appoints The Garden City Group, Inc. ("Claims Administrator") to supervise and

20   administer the notice procedure as well as the processing of claims as more fully set

21   forth below:

22   (a)    Not later than fourteen (14) days following the entry of this

23   Preliminary Approval Order (the "Notice Date"), Lead Counsel shall cause a copy of

24   the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits C-1

25   and C-2, to be mailed by first class mail to all Class Members who can be identified

26   with reasonable effort. With respect to potential Class Members who are plaintiffs in

27   pending litigation against any Released Party involving any Released Claims, Tenet

28   shall provide to GCG and Lead Plaintiff's Counsel the names and address of all such

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE - C

1  potential Class Members and their legal counsel within ten (10) calendar days

2  following the execution of this Stipulation for the purpose of allowing GCG to send

3  the Notice to such potential Class Members and legal counsel;

4          (b)    Not later than 10 (ten) days following the Notice Date, Lead

5  Counsel shall cause the Summary Notice to be published once in *The Wall Street*

6  *Journal*; and

7          (c)    At least seven (7) calendar days prior to the Settlement Hearing,

8  Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court

9  proof, by affidavit or declaration, of such mailing and publishing.

10     5.    Nominees who purchased or acquired Tenet common stock, 5.375%

11  Notes maturing 2006, 6.375% Notes maturing 2011, or Tenet call options between

12  January 11, 2000 and November 7, 2002 (the "Class Period") or those who sold Tenet

13  put options during the Class Period, shall send the Notice and the Proof of Claim to all

14  beneficial owners of such Tenet securities within ten (10) days after receipt thereof, or

15  send a list of the names and addresses of such beneficial owners to the Claims

16  Administrator within ten (10) days of receipt thereof, in which event the Claims

17  Administrator shall promptly mail the Notice and Proof of Claim to such beneficial

18  owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other

19  nominees solely for their reasonable out-of-pocket expenses incurred in providing

20  notice to beneficial owners who are Class Members out of the Notice and

21  Administration Fund, which expenses would not have been incurred except for the

22  sending of such notice, subject to further order of this Court with respect to any

23  dispute concerning such compensation.

24     6.    All Members of the Class shall be bound by all determinations and

25  judgments in the Action concerning the Partial Settlement, whether favorable or

26  unfavorable to the Class.

27     7.    Class Members who wish to participate in the Partial Settlement shall

28  complete and submit Proof of Claim forms in accordance with the instructions

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE - C

- 4 -                                                          - 3 -

1  contained therein. Unless the Court orders otherwise, all Proof of Claim forms must
2  be submitted no later than one hundred and twenty (120) days from the Notice Date.
3  Any Class Member who does not timely submit a Proof of Claim within the time
4  provided for shall be barred from sharing in the distribution of the proceeds of the Net
5  Settlement Fund, unless otherwise ordered by the Court.

6      8.    Any Person who desires to request exclusion from the Class, including
7  potential Class Members who are plaintiffs in pending litigation against any Released
8  Party involving any Released Claims, shall do so within the time set forth and in the
9  manner described in the Notice. All Persons who submit valid and timely Requests
10  for Exclusion in the manner set forth in the Notice within fifty (50) days of the Notice
11  Date shall have no rights under the Stipulation, shall not share in the distribution of
12  the Net Settlement Fund and shall not be bound by the Stipulation or the Judgment
13  entered in the Action.

14      9.    Any Member of the Class may enter an appearance in the Action, at their
15  own expense, individually or through counsel of their own choice. If they do not enter
16  an appearance, they will be represented by Lead Counsel.

17      10.    Any Member of the Class may appear and show cause, if he, she or it has
18  any reason, why the proposed Partial settlement of the Action should or should not be
19  approved as fair, reasonable and adequate, why a judgment should or should not be
20  entered thereon, why the Plan of Allocation should or should not be approved, why
21  attorneys' fees and expenses should or should not be awarded to Lead Counsel or why
22  an award for reimbursement of reasonable time and expenses should or should not be
23  awarded to the Lead Plaintiff; provided, however, that no Class Member or any other
24  Person shall be heard or entitled to contest any of these matters unless that Person has
25  delivered by hand or sent by first class mail written objections and copies of any
26  papers and briefs such that they are received within fifty (50) days of the Notice Date
27  by: Schiffrin & Barroway, LLP, Gregory Castaldo, Kay E. Sickles, 280 King of
28  Prussia Road, Radnor, PA 19087; Lite DePalma Greenberg & Rivas, LLC, Joseph J.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE - C
- 4 -

1  DePalma, Two Gateway Center, 12th Floor, Newark, NJ 07102 and Kirkland & Ellis,

2  LLP, Jay P. Lefkowitz, 153 E. 53rd Street, 36th Floor, New York, NY, 10022-4611,

3  and filed said objections, papers and briefs with the Clerk of the United States District

4  Court for the Central District of California. Any Member of the Class who does not

5  make his, her or its objection in the manner provided shall be deemed to have waived

6  such objection and shall forever be foreclosed from making any objection to the

7  fairness or adequacy of the proposed Partial Settlement as set forth in the Stipulation,

8  to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead

9  Counsel, unless otherwise ordered by the Court.

10       11.    All funds held by the Escrow Agent shall be deemed and considered to be

11  in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,

12  until such time as such funds shall be distributed pursuant to the Stipulation and/or

13  further order(s) of the Court.

14       12.    All papers in support of the Partial Settlement, the Plan of Allocation,

15  and the application by Lead Counsel, or any other attorney, for attorneys' fees,

16  reimbursement of expenses or for an award for Lead Plaintiff for reimbursement of

17  reasonable time and expenses shall be filed and served seven (7) calendar days before

18  the Settlement Hearing.

19       13.    Neither the Tenet Defendants nor any Released Persons shall have any

20  responsibility for or liability with respect to the Plan of Allocation or any application

21  for attorneys' fees, reimbursement of expenses or award for Lead Plaintiff for

22  reimbursement of time and expenses submitted by any counsel, and such matters will

23  be considered separately from the fairness, reasonableness and adequacy of the Partial

24  Settlement.

25       14.    At or after the Settlement Hearing, the Court shall determine whether the

26  Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees or

27  reimbursement of expenses or award for Lead Plaintiff for reimbursement of time and

28  expenses shall be approved.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE - C

15. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, including the payment of taxes and other expenses, shall be paid as set forth in the Stipulation. In the event the Partial Settlement is not approved by the Court, or otherwise fails to become effective, the Lead Plaintiff, Lead Counsel and the Claims Administrator shall not have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund or the Settlement Fund for the expenses referred to herein.

16. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Settling Parties or the Released Persons of the truth or falsity of any of the allegations in the Action, of any liability, fault, wrongdoing of any kind, or of any exoneration from liability, fault or wrongdoing of any kind.

17. Pending final determination of whether the Partial Settlement should be approved, neither the Lead Plaintiff, nor any Class Member who has not requested exclusion shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims (as defined in the Stipulation) against any of the Tenet Defendants (as defined in the Stipulation). All proceedings against the Tenet Defendants are stayed pending further order of the Court, except as may be necessary to prosecute the continuing Action against Non-Settling Defendant KPMG, implement the Partial Settlement or comply with the terms of the Stipulation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE - C

- 6 -

1    18.    The Court reserves the right to adjourn the date of the Settlement Hearing

2  without further notice to the Members of the Class, and retains jurisdiction to consider

3  all further applications arising out of or connected with the proposed Partial

4  Settlement.  The Court may approve the Partial Settlement, with such modifications as

5  may be agreed to by the Settling Parties, if appropriate, without further notice to the

6  Class.

7

8  DATED:  Feb 22, 2006                    RONALD S.W. LEW

9                                                          _____
                                                            The Honorable Ronald S. W. Lew,
                                                            United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE - C                          - 8 -                                   - 7 -

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 West Seventh Street, Suite 2800, Los Angeles, California 90017.  On February 16, 2006, I served the foregoing document described as:

## [PROPOSED] PRELIMINARY APPROVAL ORDER FOR PARTIAL SETTLEMENT

_____    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

__X__    by placing ___ the original _X_ a true copy thereof enclosed in sealed envelopes addressed as follows:

## SEE ATTACHED SERVICE LIST

__X__    BY OVERNIGHT MAIL: On the above-mentioned date, I placed a true copy of the above-mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by the courier with delivery fees paid or provided for, addressed to the person(s) as indicated on the Service List and deposited same in a box or other facility regularly maintained by said courier or delivered same to an authorized courier or driver authorized to receive documents.

__X__    (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 16, 2006 at Los Angeles, California.

_____Julie H. Yu_____                             
          Name                                     Signature

LIM, RUGER & KIM, LLP

# **SERVICE LIST**

Daniel S. Floyd, Esq.
Ted A. Gehring, Esq.
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Fax: (213) 229-7520

Jeffrey S. Davidson, Esq.
Steve E. Bledsoe, Esq.
Kirkland & Ellis, LLP
777 S. Figueroa Street, 37th Floor
Los Angeles, CA 90017-5800
Fax: (213) 680-8500

Ronald J. Messim, Esq.
Mark T. Drooks, Esq.
Bird, Marella, Boxer & Wolpert, PC
1875 Century Park East, Suite 2300
Los Angeles, CA 90067-2561
Fax: (310) 201-2110

Robert H. Fairbank, Esq.
Fairbank & Vincent
11755 Wilshire Blvd., Suite 2320
Los Angeles, CA 90025
Fax: (310) 996-5530

Terry N. Christensen, Esq.
Patricia Glaser, Esq.
Christensen, Miller, Fink, Jacobs, Glaser,
Weil & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Fax: (310) 556-0054

George A. Salter, Esq.
Paul B. Sweeney, Esq.
Richard Bloom, Esq.
Hogan & Hartson, LLP
875 Third Avenue
New York, NY 10022
Fax: (212) 918-3100

Kenneth D. Klein, Esq.
Hogan & Hartson, LLP
500 South Grand Avenue
Suite 1900
Los Angeles, CA 90071-3109
Fax: (213) 337-6701

Jerry L. Marks, Esq.
Heller, Ehrman, White & McAuliffe, LLP
333 South Hope Street
39th Floor
Los Angeles, CA 90071
Fax: (213) 614-1868

K \1880\02\Caption (2-09-2006) doc

**- 10 -**
[PROPOSED] ORDER DENYING KPMG'S CROSS-MOTION TO SEVER