```
            FILED
  CLERK, U.S. DISTRICT COURT

      DEC - 5 2007

  CENTRAL DISTRICT OF CALIFORNIA
  BY                    DEPUTY
```

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

In re: TENET HEALTHCARE )          CV 02-8462-RSWL (RZx)
CORP. SECURITIES       )
LITIGATION             )
                       )          **ORDER**
                       )
                       )
                       )
                       )
                       )
                       )
                       )
                       )
                       )
_____ )

     Currently before this Court are seven motions filed
by Defendant KPMG, LLP, and one motion filed by
Plaintiffs.  Having considered all papers and
arguments, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

**1.   Defendant KPMG, LLP's Motion to Exclude the
      Testimony of Plaintiffs' Expert Harris L. Devor**
      In view of the expert report and deposition

1 | testimony, the Court finds that the testimony of
2 | Plaintiffs' accounting and auditing expert, Harris L.
3 | Devor, is relevant and sufficiently reliable.
4 | Therefore, the Court **DENIES** KPMG's Motion to Exclude
5 | the Testimony of Plaintiffs' Expert Harris L. Devor.

**2.    Defendant KPMG, LLP's Motion to Exclude the**
**    Testimony of Plaintiffs' Expert Paul L. Chiafullo**

The testimony of Plaintiffs' healthcare industry expert, Paul L. Chiafullo, regarding his legal conclusions as to statutory construction or as to his opinion that Tenet violated federal law is unhelpful and unreliable.  Other than Chiafullo's legal conclusions, his testimony is relevant and sufficiently reliable.  Accordingly, the Court **GRANTS in part and DENIES in part** KPMG's Motion to Exclude the Testimony of Plaintiffs' Expert Paul L. Chiafullo.  The testimony of Chiafullo is excluded to the extent that it is regarding his legal conclusions that Tenet violated federal law.

**3.    Defendant KPMG, LLP's Motion to Exclude the**
**    Testimony of David N. Fuller**

In view of the expert report and deposition testimony, the Court finds that the testimony of Plaintiffs' financial valuation expert, David N. Fuller, is relevant and sufficiently reliable. Therefore, the Court **DENIES** KPMG's Motion to Exclude the Testimony of David N. Fuller.

**4.  Defendant KPMG, LLP's Motion to Amend the Class**
**Period**

The Parties agree that the Class Period for KPMG
should start on August 15, 2000, the first day that
KPMG allegedly misled the market.

As to the end date for the Class Period, the
analyst reports on October 28, 2002, may not have fully
and effectively disclosed all alleged
misrepresentations.  There may have been further
disclosures that corrected the alleged
misrepresentations on November 7, 2002.  Because doubts
should be resolved in favor of extending the class
period, the end date of the Class Period is set at
November 7, 2002.

Accordingly, the Court **GRANTS in part and DENIES in
part** KPMG's Motion to Amend the Class Period.  The
Class Period will start on August 15, 2000, and end on
November 7, 2002.

**5.  Defendant KPMG, LLP's Motion in Limine to Preclude**
**Admission of Tenet Healthcare Corp.'s Settlement**
**with the United States Department of Justice and**
**Related Press Release**

Tenet Healthcare Corp.'s settlement with the United
States Department of Justice and related press releases
("Tenet Settlement Information") are inadmissible under
Rule 408.  Fed. R. Evid. 408.  This is consistent with
one of the underlying basis of the rule, that "evidence
of compromise is irrelevant, since the offer may be

3

motivated by desire for peace rather than from any
concession of weakness of position." <u>Hudspeth v.</u>
<u>Commissioner</u>, 914 F.2d 1207, 1213 (9th Cir. 1990).

In addition, the Tenet Settlement Information is
inadmissible hearsay.  First, the Tenet Settlement
Information is hearsay because it is out-of-court
statement offered to prove the fact of the matter
asserted.  The fact of the matter asserted is the fact
that there was a settlement, and the details of the
settlement.  Second, the Tenet Settlement Information
is not a public record because it is not statements "of
public office or agencies."  Fed. R. Evid. 803(8).
Third, the Tenet Settlement Information is not a
business record because it is not a record of
"regularly conducted business activity."  Fed. R. Evid.
803(6).  This is so because Tenet is not in the
business of settling lawsuits.  Lastly, the residual
exception to the hearsay rule does not apply because a
settlement is unreliable and unfairly prejudicial.

Moreover, the Tenet Settlement Information is
unfairly prejudicial under Rule 403 because a
settlement is not a reliable indicator of misconduct.
Rather, the settling party may be motivated by desire
for peace.  However, the fact-finder may be unduly
swayed by the fact that Tenet settled for a large
amount of money.  Accordingly, the Tenet Settlement
Information is unfairly prejudicial, and should be
excluded.

In conclusion, the Court **GRANTS** KPMG's Motion in

1  Limine to Preclude Admission of Tenet Healthcare
2  Corp.'s Settlement with the United States Department of
3  Justice and Related Press Release under Rule 403, 408,
4  and as inadmissible hearsay.

5

6  **6.  Defendant KPMG, LLP's Motion in Limine to Preclude**
7  **Admission of the SEC Consent Orders and SEC**
8  **Complaint**

9  The SEC Complaint is excluded as inadmissible
10 hearsay.

11 The SEC Consent Orders are inadmissible under Rule
12 408.  Fed. R. Evid. 408.  The findings and opinions of
13 the SEC Consent Orders in this case are based on the
14 KPMG accountants' offers of settlement.  Accordingly,
15 they are unreliable because the offers of settlement
16 may be motivated by desire for peace.

17 Moreover, the SEC Consent Orders are unfairly
18 prejudicial under Rule 403 because a settlement is not
19 a reliable indicator of misconduct, and the fact-finder
20 may be unduly swayed by the fact that the KPMG
21 accountants entered into the SEC Consent Orders.

22 In conclusion, the Court **GRANTS** KPMG, LLP's Motion
23 in Limine to Preclude Admission of the SEC Consent
24 Orders under Rules 403 and 408.  In addition, the Court
25 **GRANTS** KPMG, LLP's Motion in Limine to Preclude
26 Admission of the SEC Complaint as inadmissible hearsay.

27

28 **7.  Defendant KPMG, LLP's Motion for Summary Judgment**
    The Court **DENIES** KPMG, LLP's Motion for Summary

Judgment as to Plaintiffs' Rule 10b-5 claim because there are genuine issues of material fact.  Plaintiffs' expert David Fuller raises a genuine issue of material fact as to loss causation and damages.  Plaintiffs' experts David Fuller and Harris Devor raise a genuine issue of material fact as to material misrepresentation.  Testimonies of various KPMG accountants and evidence of workpaper modifications raise a genuine issue of material fact as to scienter.

Moreover, the Court **DENIES** KPMG, LLP's Motion for Summary Judgment as to Plaintiffs' Section 11 claim because there are genuine issues of material fact. Plaintiffs' experts David Fuller and Harris Devor raise a genuine issue of material fact as to material misrepresentation.  Moreover, Plaintiffs' expert David Fuller raises a genuine issue of material fact as to damages.

## 8.  Plaintiffs' Motion for Sanctions

KPMG's conduct of supplementing its workpapers did not amount to spoliation because there was no destruction of documents, and there is no showing that the additions to the workpapers were sufficiently significant alterations.  In addition, there is no showing of bad faith by KPMG or adequate prejudice for

///
///
///
///

1  Plaintiffs.   Therefore, the Court **DENIES** Plaintiffs'

2  Motion for Sanctions.

3

4  **IT IS SO ORDERED.**

5                                              RONALD S.W. LEW

6                                        _____

7                                        **HONORABLE RONALD S.W. LEW**
                                          Senior U.S. District Judge
8  DATED: December 4, 2007

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28