Christopher Kim (Bar No. 082080)  **JS-6**
Lisa J. Yang (Bar No. 208971)
**LIM RUGER & KIM, LLP**
1055 West Seventh Street, Suite 2800
Los Angeles, California 90017
Telephone: (213) 955-9500
email: christopher.kim@limruger.com
       lisa.yang@limruger.com

| | |
|---|---|
| David Kessler, Esq. | Allyn Z. Lite, Esq. |
| Gregory Castaldo, Esq. | Joseph J. DePalma, Esq. |
| Andrew L. Zivitz, Esq. | **LITE DEPALMA GREENBERG &** |
| **BARROWAY TOPAZ KESSLER** | **RIVAS, LLC** |
| **MELTZER & CHECK, LLP** | Two Gateway Center, 12th Floor |
| 280 King of Prussia Road | Newark, New Jersey 07102 |
| Radnor, Pennsylvania 19087 | Telephone: (973) 623-3000 |
| Telephone: (610) 667-7706 | |

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| In re: TENET HEALTHCARE CORP. SECURITIES LITIGATION | No. CV-02-8462-RSWL (Rzx) |
| | **FINAL JUDGMENT AND ORDER** |
| This Document Relates To **ALL ACTIONS.** | Date: November 25, 2008 |
| | Time: 10:00 a.m. |
| | Judge: The Hon. Ronald S. W. Lew |
| | Courtroom: 21 |

1  **WHEREAS**, on June 10, 2008, Lead Plaintiff, on behalf of itself and the
2  KPMG Class, on the one hand, and KPMG LLP ("KPMG" and together with the
3  Lead Plaintiff, the "Settling Parties") on the other hand, executed a Stipulation and
4  Agreement of Settlement (the "KPMG Stipulation") that would resolve the above-
5  captioned action (the "Action") with respect to Lead Plaintiff's and KPMG Class
6  Members' claims against KPMG in exchange for the payment of $65,000,000 (the
7  "KPMG Settlement"); and

8  **WHEREAS**, this Court preliminarily approved the KPMG Settlement by
9  Order of the Court dated June 13, 2008 (the "Preliminary Approval Order"); and

10  **WHEREAS**, the Court previously considered and determined in its Final
11  Judgment and Order Approving Partial Settlement dated May 26, 2006 (the "May
12  26, 2006 Order") the fairness and reasonableness of the notice program in
13  connection with the partial settlement with defendants Tenet Healthcare
14  Corporation ("Tenet" or the "Company"), Jeffrey C. Barbakow, David L. Dennis,
15  Thomas B. Mackey, Raymond L. Mathiasen, Barry P. Schochet, and Christi R.
16  Sulbach (the "Tenet Settlement"); and

17  **WHEREAS**, the Court, having determined that notice of a final hearing in
18  connection with the KPMG Settlement was given in accordance with the
19  Preliminary Approval Order, and that said notice was the best notice practicable
20  and was adequate and sufficient; and

21  **WHEREAS**, a hearing was held before this Court on the 25th day of
22  November, 2008, to (i) determine whether the KPMG Settlement should be
23  approved by the Court as fair, reasonable, adequate, and in the best interests of the
24  KPMG Class; (ii) determine whether the Plan of Allocation pursuant to which the
25  KPMG Net Settlement Fund will be distributed to KPMG Class Members who file
26  or previously filed valid Proof of Claim and Release forms is fair and reasonable;
27  (iii) determine whether judgment should be entered pursuant to the KPMG
28

Stipulation, *inter alia*, dismissing the Action against KPMG with prejudice and extinguishing and releasing all Released Claims (as defined therein); (iv) rule on Lead Plaintiff's Counsel's application for an award of attorneys' fees and the reimbursement of litigation expenses; (v) rule on Lead Plaintiff's application for reimbursement of time and expenses; and (vi) rule on such other matters as the Court may deem appropriate; and

**WHEREAS**, an opportunity to be heard has been given to all persons and entities entitled to and desiring to be heard as provided in the notice; and

**WHEREAS**, the Court has considered all matters submitted to it at the hearing and otherwise.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Court, for purposes of this Final Judgment and Order, adopts all defined terms as set forth in the KPMG Stipulation.

2. The Notice, the Summary Notice and the notice methodology implemented pursuant to the KPMG Stipulation and the Court's Preliminary Approval Order (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise KPMG Class Members (*i.e.* all persons and entities who purchased or otherwise acquired Tenet securities or sold Tenet put options between August 15, 2000 and November 7, 2002, including all persons and entities that purchased or otherwise acquired Tenet notes pursuant to the Company's Registration Statements dated 9/13/2000, 11/29/2001, and 12/6/2001, and who were damaged thereby) of the pendency of the Action, of the effect of the KPMG Stipulation, including releases, of their right to object to the proposed KPMG Settlement, of their right to exclude themselves from the KPMG Class, and of their right to appear at the Settlement Fairness Hearing, (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice, and (iv) met all applicable

Lim, Ruger & Kim, LLP

1 requirements of the Federal Rules of Civil Procedure, the United States
2 Constitution (including the Due Process Clause), Section 21D(a)(7) of the
3 Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended, including
4 by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Rules
5 of the Court and any other applicable law.

6     3.    The KPMG Settlement, and all transactions preparatory or incident thereto, is found to be fair, reasonable, adequate and in the best interests of the KPMG Class, and it is hereby approved. Subject to the terms and provisions of the KPMG Stipulation, the Settling Parties are directed to consummate the KPMG Settlement.

    4.    The Action and all claims included therein, as well as all of the Released Claims (defined in the Stipulation and in Paragraph 8 below) are hereby dismissed with prejudice as to the Lead Plaintiff and the other members of the KPMG Class, and as against each and all of the Released Persons (defined in the Stipulation and in Paragraph 8 below). The Settling Parties are to bear their own costs, except as otherwise provided in the KPMG Stipulation.

    5.    Upon the Effective Date of the KPMG Settlement, Lead Plaintiff and members of the KPMG Class, on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, either directly or in any other capacity, and Released Claims against any of the Released Persons.

    6.    Upon the Effective Date of the KPMG Settlement, KPMG, on behalf of itself and the Released Persons, shall release and forever discharge each and every of the Released KPMG Claims, and shall forever be enjoined from prosecuting either directly, indirectly or in any other capacity, the Released KPMG Claims.

7. Notwithstanding paragraphs 5 and 6 above, nothing in this Final Judgment and Order shall bar any action or claim by any of the Settling Parties or their Released Persons to enforce or effectuate the terms of the KPMG Stipulation or this Final Judgment and Order.

8. As used in this Final Judgment and Order, the terms "Released Persons," "Released Claims," "Released KPMG Claims," and "Unknown Claims" shall have the meanings as provided in the KPMG Stipulation, and specified below:

(i) "Released Persons" means KPMG and its past or present subsidiaries, parents, heirs, successors, predecessors, assigns, partners, principals, employees, representatives, agents, attorneys, insurers and reinsurers, and any entity in which KPMG has a controlling interest or which is related to or affiliated with KPMG.

(ii) "Released Claims" means (i) each and every Claim that has been asserted by Lead Plaintiff or a KPMG Class Member in the Action, or (ii) any and all Claims that could have been asserted by Lead Plaintiff or a KPMG Class Member arising out of or relating to any or all of the acts, failures to act, omissions, misrepresentations, facts, events, matters, transactions, statements, occurrences, or oral or written statements or representations of KPMG or any of the Released Persons that have been, could have been or could be directly or indirectly alleged, complained of, asserted, set forth or otherwise referred to in the Action and relate to the purchase or sale of Tenet securities during the KPMG Class Period.

(iii) "Released KPMG Claims" means any and all Claims that have been or could have been asserted in the Action or any forum by KPMG or the Released Persons against any of the Lead Plaintiff, Lead Plaintiff's predecessors, successors, assigns, employees, representatives, agents or attorneys, or against KPMG Class Members or their predecessors, successors, heirs, assigns, representatives, agents

or attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

(iv) "Unknown Claims" means any Released Claims which the Lead Plaintiff or any KPMG Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any Released KPMG Claims that KPMG does not know of or suspect to exist in its favor, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  Upon the Effective Date, with respect to the Released Claims and the Released KPMG Claims, the Parties hereto, on behalf of themselves, shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS, WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Parties also waive their rights under any statute of any other jurisdiction having similar force or effect as California Civil Code 1542.

9. This Final Judgment and Order, the KPMG Stipulation and each of the Exhibits attached, whether or not consummated, and any negotiations, discussions or proceedings in connection herewith shall not be:

a. evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by KPMG of the truth of any fact alleged by the Class Members or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has

been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of KPMG;

      b.    evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by KPMG, or against the Lead Plaintiff and the Class as evidence of any infirmity in the claims of the Lead Plaintiff and the Class;

      c.    evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, KPMG may refer to it to effectuate the liability protection granted them hereunder;

      d.    construed against KPMG or the Lead Plaintiff and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

10. The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiff's Counsel and the Claims Administrator are directed to administer the KPMG Stipulation in accordance with its terms and provisions.

11. The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. The Court finds that all persons and entities within the definition of the KPMG Class have been adequately provided with an opportunity to exclude themselves from the KPMG Settlement by executing and returning a "request for exclusion" in conformity with the terms of the KPMG Stipulation. The Court further finds that all persons and entities that previously requested and were

granted exclusion in connection with the Tenet Settlement were adequately provided with notice and the opportunity to participate in accordance with the instructions set forth in the Preliminary Approval Order and the Notice ("Opt In"). All persons and entities who have requested exclusion from this KPMG Settlement in the manner described in the Notice, including those that previously requested and were granted exclusion in connection with the Tenet Settlement that have not filed an Opt In request in a timely fashion, are not bound by this Final Judgment and Order. All persons and entities who have opted out of this Action, including those who have previously elected and were granted exclusion in accordance with the Tenet Settlement but did not file an Opt In request in accordance with the KPMG Settlement, are identified on Exhibit 1 hereto.

13. Only those KPMG Class Members who have filed valid Proof of Claim and Release forms ("Proofs of Claim"), either in connection with the KPMG Settlement or previously in connection with the Tenet Settlement, shall be entitled to participate in the KPMG Settlement and receive a distribution from the KPMG Net Settlement Fund. The Proof of Claim to be executed or which was previously executed by the KPMG Class Members in connection with the Tenet Settlement shall further release all Released Claims against the Released Persons in connection with the KPMG Settlement. All KPMG Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid Proof of Claim or previously submitted a Proof of Claim form in connection with the Tenet Settlement.

14. No KPMG Class Member shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator or other agent designated by Lead Plaintiff's Counsel based on the distributions made and actions taken in connection with such distributions substantially in accordance with the KPMG Settlement and Plan of Allocation as approved by the Court and further orders of

the Court. No KPMG Class Member shall have any claim against KPMG, any of the Released Persons or their counsel with respect to the investment or distribution of the KPMG Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the Escrow Account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to KPMG Class Members.

15. Lead Plaintiff's Counsel are hereby awarded a total of $1,762,232.15 in reimbursement of expenses, with interest from the date the Settlement Amount was funded to the date of payment at the same net rate that interest is earned by the Settlement Amount (the "Expense Reimbursement"). Lead Plaintiff's Counsel are also hereby awarded attorneys' fees in the amount of 12% of the KPMG Gross Settlement Fund (a defined term which includes interest) less the Expense Reimbursement, which sum the Court finds to be fair and reasonable. The foregoing awards of fees and expenses shall be paid to Lead Plaintiff's Counsel from the KPMG Gross Settlement Fund, and such payments shall be made at the time and in the manner provided in the KPMG Stipulation. The award of attorneys' fees and expenses shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Plaintiff's Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

16. In making this award of attorneys' fees and reimbursement of expenses to be paid from the KPMG Gross Settlement Fund, the Court has considered and found that:

  a. the KPMG Settlement has created a fund of $65,000,000 in cash, plus interest thereon, and that numerous KPMG Class Members who submit acceptable Proofs of Claim or who previously submitted Proofs of Claim in connection with the Tenet Settlement will benefit from the KPMG Settlement Fund created by Lead Plaintiff's Counsel;

    b. Over 550,000 copies of the Notice were disseminated to putative KPMG Class Members indicating that Lead Plaintiff's Counsel were moving for attorneys' fees in the amount of up to 12% of the KPMG Gross Settlement Fund and for reimbursement of expenses in an amount not to exceed $2,000,000, and only one objection was filed against the terms of the proposed KPMG Settlement or the ceiling on the fees and expenses requested by Lead Plaintiff's Counsel contained in the Notice;

    c. This Action involved numerous difficult issues related to liability and damages;

    d. Lead Plaintiff's Counsel achieved the KPMG Settlement with skill, perseverance, and diligent advocacy for the KPMG Class;

    e. Had Lead Plaintiff's Counsel not achieved the KPMG Settlement, there would remain a significant risk that Lead Plaintiff and the KPMG Class may have recovered less or nothing from KPMG;

    f. Lead Plaintiff's Counsel have devoted over 28,500 hours, with a lodestar value of $11,086,628.13, to achieve the KPMG Settlement;

    g. Lead Plaintiff's Counsel pursued this Action on a wholly contingent basis;

    h. Lead Plaintiff's Counsel's request of 12% of the KPMG Gross Settlement Fund in attorneys' fees is well below awards in similarly complex cases in this jurisdiction; and

    i. The KPMG Settlement was negotiated at arm's-length, and no evidence of fraud or collusion has been presented.

17. The Court hereby awards $52,000.00 to the Lead Plaintiff as reimbursement for its reasonable time and expenses incurred in serving as the Lead Plaintiff and representing the KPMG Class during the prosecution of this Action.

18. The Court hereby overrules objections asserted by objector Rinis Travel Services, Inc. Profit Sharing Trust (the "Objector") on the grounds that the

notice given to the class is appropriate and contains sufficient information. The Court hereby also overrules the Objector's objections regarding payment of fees to Lead Plaintiffs' Counsel on the grounds that the fees awarded are reasonable.

19. In the event that the KPMG Settlement fails to become effective in accordance with its terms, or if this Final Judgment and Order is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the KPMG Settlement), this Final Judgment and Order (except this Paragraph) shall be null and void, the KPMG Settlement, except for ¶¶V.D.2, V.H.1, and V.I.3 of the KPMG Stipulation, shall be deemed terminated, and the Settling Parties shall return to their pre-settlement positions as provided for in the Settlement, except that (i) any modifications, reversal, or vacation of the award of attorneys' fees and expenses to Lead Plaintiff's Counsel, or reimbursement award to Lead Plaintiff, on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Final Judgment and Order, and (ii) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Final Judgment and Order.

20. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over (i) implementing this KPMG Settlement and any award or distribution of the KPMG Gross Settlement Fund, including interest earned thereon; (ii) disposition of the KPMG Gross Settlement Fund, including the administration of all claims submitted; (iii) hearing and determining applications for attorneys' fees, interest and reimbursement of expenses in the Action; (iv) hearing and determining any application for payment to Lead Plaintiff for reimbursement of its time expenses; and (v) all Settling Parties hereto for the purpose of construing, enforcing and administering the KPMG Stipulation.

21. There is no reason for delay in the entry of this Final Judgment and Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**, this 3rd day of December, 2008:

*Ronald S.W. Lew*
_____
Honorable Ronald S. W. Lew
SENIOR U.S. DISTRICT COURT JUDGE